# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| ELIZABETH H. COOMES, | ) |
| | ) |
| Appellant, | ) Civil Action No. 5:16cv00048 |
| | ) |
| v. | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| STRUCTURED ASSET SECURITIES, et al., | ) |
| | ) |
| Appellees. | ) |

## MEMORANDUM OPINION

This matter is before the court on pro se appellant Elizabeth H. Coomes' appeal of the dismissal of her Chapter 13 bankruptcy petition, over which the court has jurisdiction pursuant to 28 U.S.C. § 158(a). ECF No. 1; see In re Coomes, No. 16-50200 (Bankr. W.D. Va. Aug. 3, 2016) (order dismissing case) (Connelly, J.). Coomes argues that the conduct of the bankruptcy court was deficient in a litany of respects and violated her rights under the Due Process Clause of the United States Constitution, the Bankruptcy Code, and the Americans with Disabilities Act. The parties filed briefs and a hearing was held on Coomes' appeal on June 1, 2017. For the reasons contained herein, Coomes' bankruptcy appeal is **DISMISSED**.

### I.

Coomes filed for Chapter 13 bankruptcy on March 3, 2016. ECF No. 1-3 (bankruptcy court docket sheet). Ordinarily, upon the filing of her petition, Coomes would be entitled to an automatic stay under 11 U.S.C. 362(a). However, 11 U.S.C. § 362(c)(4)(A) provides that, if "2 or more single or joint cases of the debtor were pending within the

previous year but were dismissed," the automatic stay does not go into effect, and, in such a circumstance, "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." Coomes had filed for bankruptcy twice within the previous year, and, thus, on March 23, 2016, creditor Structured Asset Securities ("SAS") filed a motion to confirm that no stay was in effect. In re Coomes, No. 16-50200, ECF No. 16 (hereinafter, "Underlying Case"). Shortly thereafter, Coomes asked the court to impose a stay despite her previous petitions. Underlying Case, ECF No. 23. A hearing on these motions was held on May 4, 2016. See Underlying Case, ECF No. 32. Coomes' creditors, meanwhile, including Structured Asset Securities, initially met with Coomes on April 26, after which trustee Herbert Beskin (hereinafter, "the Trustee") filed a Report and Notice to Dismiss. Underlying Case, ECF No. 29. That notice provided that "[t]he hearing on [plan] confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on June 1, 2016." Id. at 1. The notice also provided for a subsequent creditor meeting on May 24.[1] Id.

The bankruptcy court imposed a stay of Coomes' creditors' collection efforts on May 9, 2016; however, the stay came with conditions. Coomes was required to continue paying monthly mortgage payments; the order also provided that Coomes must

> timely pay her plan payments and shall be current in plan payments by June 1, 2016 and she shall achieve a confirmed Chapter 13 Plan by July 6, 2016. Otherwise, the Stay shall be lifted by Order of the Court upon the Trustee's certification on non-payment and/or other above conditions not met.

Underlying Case, ECF No. 33, at 2 (the "May 9 Order"). Coomes, by counsel, agreed to this order.

---

[1] After the May 24 meeting, the Trustee filed a Supplement to his Report, "which again detailed numerous objections, requested documents, required amended schedules, and [expressed] the need for an amended plan." ECF No. 19, at 4.

2

On May 26, 2016, Coomes' attorney filed a motion to withdraw. Underlying Case, ECF No. 38. He complained that Coomes failed to provide him with adequate information, agreed to the bankruptcy plan he submitted and later claimed that she did not, and generally refused to make bankruptcy payments. Id. The bankruptcy court granted the motion. Underlying Case, ECF No 45.

Coomes, now proceeding pro se, was present at the bankruptcy court's June 1, 2016 hearing. Despite the requirements of the May 9 Order, Coomes was not current in plan payments on June 1. Moreover, SAS filed a notice of default alleging that Coomes failed to make timely mortgage payments,[2] and asking that the court lift the stay. Underlying Case, ECF No. 42. Nonetheless, the bankruptcy court declined to lift the stay, giving Coomes another chance at compliance with the terms of the May 9 Order, and continuing the hearing until July 6, 2016. Underlying Case, ECF No. 43. Under the terms of the continuance, Coomes was required to submit a $1,000 plan payment to the Trustee by June 2; she eventually made that payment, though not by the deadline. Furthermore, Coomes was required to provide operating statements and bank statements, and was informed that "[f]ailure to do so results in dismissal on the continued hearing date or automatic dismissal without further notice or hearing twenty (20) days after the trustee's certification unless the debtor files a timely response to the certification." Id. at 2.

By the July 6 hearing, Coomes was further behind on plan payments, and still had not submitted a confirmable plan. Accordingly, the bankruptcy court lifted the automatic stay, declaring that the "Order entered on 5/9/2016 will be enforced." Underlying Case, ECF

---

[2] Coomes contests the accuracy of this notice of default. Because this issue is not relevant to the resolution of Coomes' appeal, the court declines to reach this issue.

3

No. 49. However, the bankruptcy court did not dismiss the case; instead, "[t]he hearing on the confirmation of [Coomes'] proposed Chapter 13 plan and any objections thereto and the trustee's motion to dismiss" was again continued, this time to August 3, 2016. Underlying Case, ECF No. 50, at 1. Coomes was given until July 15 to file a modified plan; "[u]pon failure to do so, or to request an extension of time," the bankruptcy court warned, "this case shall be dismissed without further notice or hearing." Id. at 1–2. Coomes was also required to make additional plan payments before the August 3 hearing. Id. at 2. These payments were never made.

Shortly thereafter, Coomes filed a motion asking the court to reconsider its decision to lift the stay and enforce the May 9 Order. Underlying Case, ECF No. 51. The bankruptcy court issued a notice setting this motion for August 3. Underlying Case, ECF No. 54. The notice did not reference the fact that August 3 was already the date on which the court would consider plan confirmation and the Trustee's motion to dismiss.

Coomes submitted her amended plan on July 15.[3] The plan provided for payments of $1,068 monthly for sixty months, beginning October 3, 2016. Underlying Case, ECF No. 58, at 2. Thus, Coomes' plan avoided the bankruptcy court's existing payment requirements. The court set her amended plan for hearing on September 7, 2016. Underlying Case, ECF No. 60. That hearing never took place. On August 3, 2016, the bankruptcy court dismissed Coomes' case, finding that she failed to make required plan payments, and that her amended plan was not feasible or confirmable. As a result, the bankruptcy court found that "this is not a case in which the requirements of 1325 will be achieved as the Code requires." Id. at 6

---

[3] Coomes' first Chapter 13 plan was filed on her behalf by her attorney. Underlying Case, ECF No. 25.

4

(quoting Transcript from August 3, 2016, page 22, lines 1–2). Coomes noticed her appeal on August 17.

## II.

The court's jurisdiction over this bankruptcy appeal is limited by the terms of 28 U.S.C. § 158(a)(1) to consideration of "final judgments, orders, and decrees," with the bankruptcy court otherwise retaining jurisdiction under 28 U.S.C. § 157(b)(2)(B). In reviewing the decisions of the bankruptcy court, a district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous; the bankruptcy court's legal conclusions are reviewed de novo. See In re Deutchman, 192 F.3d 457, 459 (4th Cir. 1999). "Where there are mixed questions of law and fact, the [c]ourt will apply the clearly erroneous standard to the factual portion of the inquiry and de novo review to the legal conclusions derived from those facts." In re Circuit City Stores, Inc., 439 B.R. 652, 657 (E.D. Va. 2010).

In her notice of appeal, Coomes purports to appeal the bankruptcy court's "July 6, 2016 [r]uling, July 8, 2016 order and August 3, 2016 [r]uling and August 3, 2016 order." ECF No. 1-1, at 1. As the Trustee points out, there is no order entered by the bankruptcy court on July 6, 2016. ECF No. 19, at 1. Coomes clarified in her reply brief that she intends to appeal "the Bankruptcy Court's July 6, 2016 Ruling lifting the automatic stay." ECF No. 37, at 1. The July 8, 2016 order, meanwhile, merely continued a pending hearing until August 3, 2016, at which point the bankruptcy court dismissed Coomes' case.

The Trustee and SAS argue that the only appealable order in this case is the bankruptcy court's August 3, 2016 order of dismissal without prejudice. ECF No. 19, at 2; ECF No. 20, at 6. The court agrees that the bankruptcy court's July 8 order is not

5

appealable, as it merely continued a hearing, and thus does not constitute a final judgment, order, or decree. See 28 U.S.C. § 158(a)(1). However, this court will consider the July 6 ruling lifting the stay and enforcing the May 9 order on appeal. See Harris v. Williams, No. 4:15-cv-77-H, No. 2016 WL 552347, at * (E.D.N.C. Feb. 10, 2016) (holding, on appeal from a Chapter 13 bankruptcy proceeding, that "[a]n order granting a creditor relief from automatic stay in a bankruptcy proceeding is considered a 'final order' and therefore appealable as of right" (collecting cases)).[4] Accordingly, the court will consider Coomes' arguments to the extent they pertain to the lifting of the stay and the dismissal of her case.

## III.

Coomes groups her argument on appeal into six main categories. First, she argues that "[t]he Bankruptcy Court failed to consider the threshold issue of whether Structured Asset Securities ha[d] standing" to move for relief from the automatic stay. ECF No. 17, at 4. Second, Coomes argues that SAS failed to present sufficient evidence of default to the bankruptcy court, and that the bankruptcy court erred by "allowing [SAS] to lift the stay in the absence of certification of default," and denying Coomes "the opportunity to examine the only witness for [SAS] (their [sic] attorney)." Id. at 14. Third, Coomes claims that the bankruptcy court violated her due process rights by, inter alia, failing to give her sufficient notice that the August 3, 2016 hearing concerned the Trustee's motion to dismiss. Id. at 20. Fourth, Coomes argues that the bankruptcy court failed to properly consider her

---

[4] Strictly speaking, the stay provided for by the May 9 Order is not an *automatic* stay. Coomes was not entitled to the benefit of the automatic stay because of her serial bankruptcy filings. Instead, the court imposed a stay, with conditions, upon the consent of the parties. Still, in an abundance of caution, the court will consider her arguments. "A decision to lift the automatic stay under section 362 of the [Bankruptcy] Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). As will be discussed in detail below, the court finds no abuse of discretion in the Bankruptcy Court's decision to lift its conditional stay upon Coomes' failure to satisfy those conditions.

"unforeseen and extraordinary change in circumstances"—a medical crisis which resulted in major surgery and large medical expenses. Id. at 21. Fifth, Coomes claims that the bankruptcy court lifted the automatic stay and dismissed her petition because she failed to obtain substitute counsel. She asks the court to find that this was legal error and abuse of discretion. Id. at 22. Finally, Coomes argues that the bankruptcy court violated her rights under the Americans with Disabilities Act ("ADA") by failing to grant her reasonable accommodations for her claimed disabilities—"abnormally slow processing speed, difficulty concentrating, impaired executive skills, impaired memory, etc. . . . recover[y] from major surgery, . . . and [an] injured knee." Id. at 25. The court will address each argument in turn.

### 1. Structured Asset Securities' Standing

Coomes argues that SAS "failed to produce any legal documentation showing it owns or has the right to enforce a promissory note secured by the property." Id. at 4. Thus, SAS did not establish it was a party in interest, and should not have been able to request that the bankruptcy court lift the automatic stay. Id. at 5. SAS responds that its standing is not relevant to Coomes' appeal; the bankruptcy court did not address this issue, and Coomes' case was not dismissed based on SAS' standing. ECF No. 20, at 4.

SAS is correct: Coomes' arguments on standing are not relevant to this appeal. As described above, Coomes agreed to the May 9 Order, which explicitly detailed the terms by which Coomes would benefit from the imposition of the stay. She repeatedly failed to comply with the terms of that order by not making plan payments and failing to achieve a confirmed plan by July 6th. The bankruptcy court did not lift the stay at the first opportunity, but granted Coomes additional time to reach compliance. She still failed to do

7

so. These are sufficient reasons for lifting the stay entirely apart from the merits of SAS's notice of default or Coomes' purported failure to make mortgage payments.

As to the dismissal: at the August 3 hearing, the attorney for the Trustee describes the total plan payments she received from Coomes: "On May 31st I received $1,000. That was then returned for insufficient funds. Then on June 6th I received $1,000 that cleared. And then on August 1st I received this check for $1,068." ECF No. 10, at 6. This is far less than the payments required under the May 9 Order and Coomes' original bankruptcy plan. Moreover, Coomes had yet to achieve a confirmed plan by August 3—almost a month after the July 6 deadline set by the bankruptcy court. Id. at 22. These failures to comply with the requirements of the May 9 Order are unrelated to any possible issues of SAS's standing, and Coomes may not raise that question on appeal when it did not form the basis for any appealable order of the bankruptcy court.

In sum, Coomes' arguments as to SAS's standing are not relevant to her appeal, and do not convince the court that the bankruptcy court committed an error of fact or law.

### 2. Evidence of Default

Coomes argues that the bankruptcy court improperly put the burden on her to prove that she was not in default on her underlying mortgage payments, rather than requiring SAS to prove that she failed to make those payments. She launches myriad attacks against the bankruptcy court as to the procedures by which SAS noticed her default. She contends that SAS' attorney should be treated as a witness, and that she was denied her right to cross-examine the "witness," whose "testimony" was admitted in violation of the Federal Rules of

8

Evidence's protections against hearsay. Coomes also argues that she was not in default to SAS, and presents photocopies to support her claim.

Coomes' novel arguments regarding her right to cross-examine the attorney for SAS are without merit. However, her arguments as to mortgage default suffer from a more fundamental flaw. Though the bankruptcy court took notice of her purported default, it did not rely on this default when lifting the stay and enforcing the May 9 Order, or when ultimately dismissing her case. Instead, as described supra, these actions were taken because of Coomes' own failure to remain in compliance with the terms of the May 9 Order. Whether Coomes was in default to SAS on her mortgage payments or not, she failed to remain current on plan payments, and failed to submit a confirmable plan within the required time frame. The issues of proper certification of default or purported evidentiary irregularities are simply not germane to Coomes' appeal, which is concerned solely with whether the bankruptcy court committed error by lifting the stay and dismissing her case. See ECF No. 10, at 24 (at the August 3 hearing, the court noted, "If she is maintaining her payments on her mortgage and the mortgage company is satisfied, the dismissal of the bankruptcy case does not affect that in any way"). This court will not overturn the decisions of the bankruptcy court on the grounds Coomes raises.

### 3. Due Process Rights

Coomes characterizes the consideration of the trustee's motion to dismiss at the August 3 hearing as an "ambush." ECF No. 37, at 7. She argues that the notice setting Coomes' motion for reconsideration for argument superseded the prior notice providing

that the court would consider the motion to dismiss and plan confirmation on August 3.[5] As a result, she alleges she was unprepared to discuss the motion to dismiss on that date.

If Coomes was unprepared, it was not due to constitutionally deficient notice. In the bankruptcy context, "due process requires a party to receive the degree of notice specified in the Bankruptcy Code and Rules." In re E-Z Serve Convenience Stores, Inc., 318 B.R. 631, 636 (M.D.N.C. 2004). 11 U.S.C. § 1307(c) provides that the court, "on request of a party in interest or the United States trustee and after notice and a hearing," may dismiss a case under Chapter 13 for cause, including "failure to commence making timely payments," and "denial of confirmation of a plan." The Trustee first filed a motion to dismiss on April 27, 2016, and filed another on May 25, 2016. Underlying Case, ECF Nos. 29, 37. The bankruptcy court's order of June 9, 2017 specified that "[t]he hearing on the confirmation of debtor's proposed Chapter 13 plan and any objections thereto and the trustee's motion to dismiss are . . . continued to July 6, 2016." Underlying Case, ECF No. 43. At the July 6 hearing, the court discussed the Trustee's motion to dismiss, before informing Coomes that the motion would be taken up again on August 3. After the July 6 hearing, the bankruptcy court entered another order using language identical to the June 9 Order: "[t]he hearing on the confirmation of debtor's proposed Chapter 13 plan and any objections thereto and the trustee's motion to dismiss are . . . continued to August 3, 2016." Underlying Case, ECF No. 50, at 1. The bankruptcy court record discloses a months-long period in which Coomes was aware that a motion to dismiss had been filed and participated in hearings regarding the

---

[5] Coomes also argues that her due process rights were violated by the same conduct of the bankruptcy court she addressed in previous sections of this opinion—namely, that SAS was allowed to lift the stay without standing, and in the absence of certification of default, and that she was not allowed to cross-examine the attorney for SAS. The court will not revisit these issues; her argument that these actions violated her right to due process under the United States and Virginia Constitutions is without merit.

10

motion to dismiss. Though the bankruptcy court could have dismissed her case in June or July, it instead gave Coomes additional time to reach compliance with the May 9 Order, and made clear that, if she failed to do so, "this case shall be dismissed" at the August 3 hearing. Id. at 2.

Coomes argues that the bankruptcy court's July 20th notice, Underlying Case, ECF No. 61, supersedes the prior notice regarding the motion to dismiss. This contention is simply unsupported by the record. The July 20th Notice of Hearing provides that a hearing "on the debtor's Motion to Reconsider and Supplement to Debtor's Motion to Reconsider" will be heard on August 3. It does not mention the motion to dismiss or plan confirmation, let alone expressly supersede those orders. Coomes had already benefitted from the bankruptcy court's decision to twice extend the time within which she was required to comply with the May 9 Order. In such a situation it was simply unreasonable of her to read the July 20th Order as superseding by implication the court's existing schedule, thus providing her a third extension of time. Rather, she should have taken the July 20th Order at face value, and concluded that her motion to reconsider, along with the trustee's motion to dismiss, would be considered on August 3.

It is undisputed that Coomes received notice that the court would take up the trustee's motion to dismiss on August 3. Coomes cannot use her idiosyncratic interpretation of a separate notice to negate the constitutionally sufficient notice she had already received. The court finds no due process violation in the actions of the bankruptcy court.

11

### 4. Change in Circumstances

Coomes contends that "[a]n exception to dismissal is an extraordinary and unforeseen change of circumstances." ECF No. 17, at 20. She argues that the bankruptcy court should have taken notice of the following changes in circumstance:

1. "[H]er husband's post-petition unexpected period of unemployment."
2. "Aetna's post-petition subrogation of $75,000 of medical bills (which Aetna later increased to $111,000)."
3. "[U]nforeseen major surgery on March 14, 2016."
4. A "major fuel system problem" in her vehicle.

Id. at 21. Thus, according to Coomes, the bankruptcy court erred in not providing her yet another extension of time to become compliant with the May 9 Order.

The cases that Coomes cites, In re Bouy, Hall & Howard and Assocs., 208 B.R. 737, 745 (Bankr. S.D. Ga. 2004), In re Tillotson, Case No. 01-10134, 2001 WL 1095084 (Bankr. W.D.N.Y. 2001), In re Adams, 218 B.R. 597 (Bankr. D. Kan. 1998), and In re Roth, Case No. 93-40460, 1994 WL 234532 (Bankr. D.S.D. 1994), do not support her argument that she is entitled, as a matter of law, to extended time prior to dismissal. Rather, these cases all grapple with the question of what post-petition circumstances justify the filing of successive bankruptcy petitions in the Chapter 11 and 12 contexts. They do not discuss Chapter 13 voluntary bankruptcy proceedings at all, and do not pertain to the ability of a debtor to avoid dismissal by showing changed circumstances. To be sure, a Chapter 13 debtor seeking to file a successive bankruptcy petition after dismissal of a previous petition may demonstrate changed circumstances in order to justify the repeated filing. In re White, 72 B.R. 169, 170

12

(D.S.C. 1986). Should Coomes choose to file another Chapter 13 bankruptcy action,[6] that question will likely be taken up by the bankruptcy court in which she files. Changed circumstances of the kind Coomes raises are not, however, a relevant question on appeal, and do not lead to the conclusion that the bankruptcy court erred as a matter of law in dismissing her case.

### 5. Failure to Obtain New Counsel and Delay

Coomes argues that the bankruptcy court erred as a matter of law and abused its discretion by dismissing her case because she failed to obtain a new lawyer. ECF No. 17, at 21–22. This argument is easily dealt with. The bankruptcy court did not dismiss her case because she failed to obtain new counsel. In fact, Coomes initiated her bankruptcy pro se; a common practice, and one with which the bankruptcy court is not unfamiliar. The bankruptcy court did not dismiss her case before she obtained counsel, and did not dismiss her case as a result of that counsel's motion to withdraw. Instead, as articulated by the at the August 3 hearing, Coomes case was dismissed because

> this is not a case in which the requirements of [section] 1325 will be achieved as the Code requires that it is appropriate to dismiss a case when there are delays, when there's failure to make timely payments, when there's a denial of confirmation, [and] material default with respect to a plan. . . . [T]hese are grounds that the Trustee has raised over and over again that this is not feasible, the debtor is not going to achieve a confirmed plan, we have delays, we have debtor not complying with deadlines either set forth under law or a prior order.

---

[6] As noted, Coomes' petition was dismissed without prejudice, meaning that Coomes may file another petition otherwise meeting substantive and procedural requirements.

13

ECF No. 10, at 21–22.[7] This court does not conclude that these findings of fact were clearly erroneous, and declines to overturn the decision of the bankruptcy court on these grounds.

## 6. ADA Accommodation

Finally, Coomes argues that the bankruptcy court violated her rights under the Americans with Disabilities Act. She alleges that her purported cognitive impairments and March 14, 2016 surgery rendered her disabled within the meaning of the ADA, and that the bankruptcy court was required to give her reasonable accommodation as a result. ECF No. 17, at 26. The Trustee responds that Coomes never requested accommodation under the ADA, and that, in any event she was given multiple extensions of time to provide the required information, make plan payments, and submit a confirmable plan. ECF No. 19, at 9–10.

At this court's hearing on appeal, held on June 1, 2017, Coomes claimed that she twice requested ADA accommodations from the bankruptcy court. On June 1, she asked for an ADA accommodation in the form of a continuance to July 6. The bankruptcy court continued the hearing as requested. Coomes also claims that she asked for an ADA accommodation at the July 6 hearing. She claims that she asked the court to give her thirty days, rather than a week, to file a confirmable plan. While she did ask for an extension of time, she did not ask for it as an accommodation under the ADA. In fact, at no point in the

---

[7] The bankruptcy court did note that Coomes had failed to obtain new counsel. See id. ("This case was filed voluntarily by Ms. Coomes without an attorney . . . Ms. Coomes has had plenty of opportunity to obtain other counsel and she hasn't done so."). However, this failure was not the reason for the dismissal. Rather, it appears the court noted that Coomes continued to proceed pro se in anticipation that Coomes would argue that the departure of her attorney made it impossible for her to meet the requirements of the May 9 Order. Thus, the bankruptcy court noted that she initiated the case pro se, had previously filed for Chapter 13 bankruptcy pro se, had already benefitted from substantial discretionary extensions of time, and had accordingly had ample time to, if she so chose, obtain new counsel.

14

hearing did she even reference the Americans with Disabilities Act. See ECF No. 9, at 76–98 (transcript of the July 6 hearing).

Leaving aside whether Coomes would be otherwise entitled to accommodations for her purported disabilities, it is clear that any such duty to provide accommodations would be triggered by Coomes' request. See Wilson v. Dollar General Corp., 717 F.3d 337, 346–47 (4th Cir. 2013). The record shows that Coomes asked the bankruptcy court for ADA accommodations only once—at the June 1 hearing. She received the extension she asked for, and she did not ask for ADA accommodations again. Accordingly, this court finds that the bankruptcy court did not err in law or in fact in failing to grant Coomes additional, unrequested ADA accommodations.

**IV.**

The court has reviewed Coomes' numerous grounds for appeal, and finds them without merit. Accordingly, her appeal is **DISMISSED**. An appropriate **ORDER** will be entered.

Entered: 6-26-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge